# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7693 | **DATE** | 1-9-12 |
| **CASE TITLE** | Michael Miller (#0903455) vs. Cook County Court, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Michael Miller's amended complaint [6], which superceded his complaint [1], is dismissed without prejudice. His motions for leave to proceed *in forma pauperis* ("IFP") [3] [5] are denied without prejudice. To proceed with this case, by 2/9/2012 Miller must both: (1) either file a completed IFP application or prepay the full $350 filing fee, and (2) submit another amended complaint in accordance with this order. If Miller seeks habeas corpus relief, such as release from custody, he may file a habeas corpus petition in a separate action after the exhaustion of state court remedies. Miller's failure to respond to this order by 2/9/2012 will result in the dismissal of this case with prejudice as to any non-habeas claims and without prejudice to Miller submitting a habeas petition in a separate action.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Michael Miller (a.k.a. Onion) is currently at the Chester Mental Health Center. Before this court are his complaint, amended complaint, motions to proceed *in forma pauperis* ("IFP"), exhibits, and letters. Although not clearly stated in his pleadings, it appears that Miller is at Chester pursuant to an August 10, 2011, order from the Cook County Circuit Court in a 2011 criminal case (#11 CR 070931). (Docs. 7 and 8, copy of order attached to Miller's letters to the court.) The state trial court found Miller "unfit" and remanded him to the Illinois Department of Health and Human Services. (*Ibid*.)

Miller's complaints and accompanying exhibits allege the following: he is a special agent for the Village of Ford Heights conducting an investigation; he is not supposed to be locked up; a judge told him that he was not guilty; a state prosecutor informed him that he was going to be charged for not checking in at a police station; and U.S. Marshals, disguised as Cook County officers, took him into custody but refused to verify that he was not to be confined. (Docs. 1, 4, 6.)

Although Miller's complaints were filed as a civil rights action and he seeks money damages, he also indicates that this suit is for "wrongful detainment" and he seeks release from custody, which can be sought from this court only through a petition for habeas corpus relief. (Doc. 6, cover page.) Miller may not bring a 42 U.S.C. § 1983 civil rights action and a petition for a habeas petition under 28 U.S.C. § 2254 in one case. *See Copus v. City of Edgerton,* 96 F.3d 1038, 1039 (7th Cir. 1996) (a court cannot address a claim in a § 1983 action that would call into the question the validity of the claimant's confinement).

Construed as a § 1983 civil rights action, Miller's allegations are so incredible that dismissal of the case is warranted pursuant to 28 U.S.C. § 1915A. *See Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *see also Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (the Prison Litigation Reform Act applies to persons held in a mental health facility on unresolved criminal charges).

## STATEMENT

If Miller seeks release from confinement, he must file, in a separate action, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Lavold v. Almazar*, No. 04 C 4301, 2005 WL 3095515, *4 (N.D.Ill. Nov. 16, 2005) (a person in custody in a mental health facility "pursuant to the judgment [or order] of a State court" may seek habeas corpus relief from this court),. This court cannot convert Miller's current pleadings to a petition for habeas corpus relief. *See Copus*, 96 F.3d at 1039. Additionally, it is unclear whether this court can address a petition for habeas corpus relief while Miller's criminal case is pending or before he has exhausted his state court remedies pursuant to 28 U.S.C. § 2254(b). *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (pretrial habeas relief is available only when the claim would become moot if not heard presently, such as speedy trial and double jeopardy claims).

Accordingly, Miller's amended complaint is dismissed. The dismissal is without prejudice. The court will give Miller an opportunity to clarify his claims and the relief he seeks from this court. If Miller seeks money damages, he must file an amended complaint that more clearly states his claims and that states how each named defendant was or is personally involved with each claim. Any amended complaint must be filed by February 9, 2012. His failure to file an amended complaint will result in the dismissal of this case with prejudice as to any non-habeas claims, and without prejudice to Miller filing a petition for a writ of habeas corpus in a separate action.

In addition to clarifying the type of action Miller seeks to bring in this court, he also must resolve the issue of the filing fee. Miller has submitted two IFP applications; both are incomplete because neither includes a copy of Miller's trust fund account statement. If Miller submits an amended § 1983 civil rights complaint, he must either prepay the full $350 filing fee or file a completed IFP application to pay the fee in installments. *See* 28 U.S.C. § 1915; *see also Kalinowski*, 358 F.3d at 979 (persons held in a mental health facility on unresolved criminal charges are considered "prisoners" under the PLRA). To enable the court determine if Miller qualifies as a pauper, he must submit with his application, "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Miller's failure to prepay the filing fee or submit a completed *in forma pauperis* application will result in dismissal of this case. Local Rule 3.3(e).

To summarize, if Miller seeks to proceed with this case as a civil rights action under 42 U.S.C. § 1983, he must, by February 9, 2012, both: (1) either prepay the full $350 filing fee or submit a complete IFP application, and (2) submit another amended complaint that clearly states valid claims and that states how each defendant is associated with each claim. Miller's failure to comply will result with the dismissal of this case with prejudice as to any non-habeas claims. If Miller seeks to bring a petition for a writ of habeas corpus, he should submit a habeas corpus petition as a separate case.